**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUA ZHENG,<br><br>      *Petitioner*,<br><br>  v.<br><br>PAMELA BONDI et al.,<br><br>      *Respondents*. | No. 25-CV-15920 (MEF)<br><br>**OPINION and ORDER** |

\* \* \*

The Petitioner filed an application for a temporary restraining order to prevent the Respondents from removing her from the United States.  See ECF 2.

\* \* \*

Acting pursuant to its inherent authority and the All Writs Act, see 28 U.S.C. § 1651, the Court hereby enjoins the Respondents from removing the Petitioner from the United States, or causing her to be removed from the United States.

\* \* \*

In entering the above injunction, the Court does not act based on a sense that the Petitioner has or has not established what she ultimately must --- including a likelihood of success on the merits and irreparable injury.

Rather, this is an administrative stay.  Cf. United States v. Texas, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) ("Administrative stays do not typically reflect the court's consideration of the merits of the stay application.").  The sole purpose of this administrative stay is to briefly freeze the status quo so that briefing from all parties can be quickly obtained and evaluated by the Court.  See id. at 799 ("An administrative stay should last no longer than necessary to make an intelligent decision on the motion for a stay pending appeal.").

Today is Friday, September 26.  The next business day is Monday, September 29.  In support of her temporary restraining order application, the Petitioner shall file legal papers and any necessary sworn factual materials on or before 11:59pm on Monday.  The Respondents shall respond as they deem appropriate on or before Wednesday at noon.  The Court will expect to rule in short order thereafter.

The legal support for entry of a short-lived administrative stay has been recently summarized by Justice Barrett, see id. at 797-800, and is confirmed by federal court decisions from around the Nation.  See, e.g., In re MCP, 2024 WL 3491226, at *1 (6th Cir. Jul. 12, 2024); Nat'l Urban League v. Ross, 977 F.3d 698, 702-03 (9th Cir. 2020); Al Otro Lado v. Wolf, 945 F.3d 1223, 1224 (9th Cir. 2019); Brady v. National Football League, 638 F.3d 1004, 1005 (8th Cir. 2011); Marine Polymer Techs., Inc. v. HemCon, Inc., 395 F. App'x 701, 702 (Fed. Cir. 2010); Arnold v. Garlock, Inc., 278 F.3d 426, 433 (5th Cir. 2001).

\*       \*       \*

The Court's injunction will remain in place unless and until the Court enters an order dissolving or altering it.

\*       \*       \*

IT IS on this 26th day of September, 2025, so **ORDERED**.

_/s/_
_____
Michael E. Farbiarz, U.S.D.J.